IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

THELMA JEAN LUKER                                                      PLAINTIFF

v.                                CIVIL NO. 22-5079

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                           DEFENDANT

**MEMORANDUM OPINION**

    Plaintiff, Thelma Jean Luker, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

    Plaintiff protectively filed her current application for DIB on October 11, 2019, alleging an inability to work since March 1, 2019,[1] due to osteoarthritis, fibromyalgia and high blood pressure. (Tr. 64, 173). An administrative telephonic hearing was held on April 28, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 35-61).

    By written decision dated June 25, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: mild degenerative disc

---

[1] Plaintiff, through her counsel, amended the alleged onset date to October 26, 2019. (Tr. 10, 39).

disease of the lumbar spine, osteoarthritis of the left knee and fibromyalgia. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b). More specifically, the claimant has the residual functional capacity to perform less than a full range of light work except that she is able to lift 20 pounds occasionally and 10 pounds frequently; carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours, stand for 6 hours, and walking (sic) for 6 hours; and push/pull as much as she is limited to lift/carry. She is limited to occasionally climbing ramps and stairs, climbing ladders, ropes, or scaffolds; stooping; kneeling; crouching; and crawling.

(Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a retail manager, and other work as a supervisor order taker. (Tr. 23-24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on February 28, 2022. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 16, 20).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issue on appeal: A) The ALJ "failed to assess a mental RFC supported by substantial evidence in that he failed to incorporate the mild limitations from the PRT related, in part, to medication side effects, into the RFC or explain the omission." (ECF No. 16). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 20).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. The ALJ considered the medical assessments of the non-examining agency medical consultants, the assessment of Plaintiff's treatment provider, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform light work with limitations. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and

Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 19th day of July 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE